UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HASAWN C. SHOWES,** | ) | CASE NO. 4:15 CV 1880 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| **KEN MEDIATE, et al.,** | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| **Defendants.** | ) | (Resolving Docs. #10 & 20) |

This matter is before the Court on Defendants' Debra Drummond; Ohio State Penitentiary Medical Staff; Ken Mediate; Charmaine Bracy; and Jay Forshey; unopposed Motions to Dismiss (Docs. #10 & 20) Plaintiff's Complaint (Doc. #1). For the reasons that follow, the Motions to Dismiss are GRANTED. Defendant Ohio State Penitentiary Medical Staff's Motion for Summary Judgment (Doc. #10) is DENIED AS MOOT. Accordingly, this matter is DISMISSED in its entirety.

**I.  FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, Hasawn C. Shows, filed the instant complaint alleging he was the victim of an assault by multiple officers on March 5, 2015 and neglect due to medical staff's alleged refusal to document and treat his alleged injuries. After the filing of the Complaint the Court conducted Case Management Conferences on February 18, 2015 and April 28, 2016 to ensure that the State provided Mr. Showes with all necessary Civ. R. 26 materials, including any available

surveillance footage of the alleged incident; records of internal investigations; and records of any other proceedings thereafter. After ensuring all available surveillance footage and records of the resulting investigation; medical treatment; and disciplinary proceedings; were provided to Mr. Showes, he was granted leave of sixty (60) days in which to prepare his response to the dismissal and summary judgment motions filed by the State of Ohio. The leave granted Mr. Showes has expired. Mr. Showes has filed no response to the motions or request for additional time to prepare his response. The matter is now ripe for this Court's review.

## II. LEGAL STANDARD

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). The Sixth Circuit explains:

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' 'Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, '[f]actual allegations must be enough to raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 555, 570. A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). The complaint must rise to the level of "plausibility" by containing "more than labels and conclusions;" a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 564. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility

that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III. ANALYSIS

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." Various courts in the Northern District of Ohio have found that a district court's power to grant dispositive motions because they are unopposed is firmly settled. *See, e.g.* Aikens v. City of Cleveland Hts., No. 1:12CV1393, 2013 WL 148344 (N.D. Ohio Jan. 14, 2013), in addition to *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9–10, 2005 WL 1277667 (N.D.Ohio 2005) (both citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, Id.* In the absence of any response, or attempt at response, to Defendants' motions to dismiss, further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.1984), aff'd, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

**IV. CONCLUSION**

The Court considers Plaintiff's failure to file any opposition to Defendants' Motions to Dismiss (Docs. # 10 & 20) to be a "confession" to the merits of the Motions; accordingly the Complaint is DISMISSED pursuant to Civ. R. 12 (b)(6) and 28 U.S.C. § 1915 (e)(2)(B) for failure to state a claim on which relief can be granted. In conjunction with the Motion to Dismiss (Doc. #10), Defendant Ohio State Penitentiary Medical Staff filed, in the alternative, a partial motion for summary judgment; because the Complaint is hereby DISMISSED IN ITS ENTIRETY, the Motion for Summary Judgment is MOOT and DENIED as such.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                            */s/ John R. Adams*
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT

**Dated**: September 26, 2016